THE OLIVER CORPORATION, Plaintiff-in-Error, v.
O. RAY GREEN and VAN WISE, Defendants-in-Error.
—393 S.W.(2d) 625.

Middle Section. March 26, 1965.

Certiorari Denied by Supreme Court September 7, 1965.

Henry, Henry & Lewis, Pulaski, for plaintiff in error.

Wade & Forrester, Pulaski, for defendants in error.

PURYEAR, J.  This is a suit for damages for breach of warranty filed in the Circuit Court of Giles County, and for the sake of convenience herein, we will refer to the parties as plaintiffs and defendants as they were designated in the trial court.

The plaintiffs purchased from Associated Farm and Home Store of Elkton, Tennessee, a certain crawler type of tractor and a rotary mower or cutter, together with some other farm equipment that need not be mentioned here, since only the tractor and cutter are involved in this litigation. This equipment was purchased on an installment plan, but since the terms of payment are not at issue here, they need not be set forth in this opinion.

The plaintiffs insist that the tractor was defective because the engine would fail frequently under normal conditions, and that the cutter was defective because the blades and other parts of same would break under normal operating conditions; that service representatives of the dealer, Associated Farm and Home Store, and of the manufacturers made repeated attempts to repair the equipment so that it would properly operate, but such attempts were not successful and plaintiffs tendered it back to the seller and sought rescission of their purchase contract.

The seller insisted that the plaintiffs were not entitled to rescission and would not agree for the contract of pur-

chase to be rescinded, whereupon the plaintiffs sued the Oliver Corporation, manufacturer of the tractor, and Dealer Associates, Inc., manufacturer of the rotary cutter.

The plaintiffs filed a two count declaration in which they averred that the defendants were guilty of breach of both implied and express warranty, but the dealer, Associated Farm and Home Store, was not made a party to this suit.

The defendants first filed pleas in abatement which were overruled by the trial judge, after which they filed general issue pleas in which they specifically stated their defenses, including the defense of denying there was any privity of contract between the plaintiffs and defendants.

The case was tried before the circuit judge and a jury and at the close of plaintiffs' proof, the plaintiffs' counsel stated that he was relying upon rescission of the purchase contract, whereupon counsel for defendants moved the court to direct a verdict for the defendants upon several grounds, including the insistence there was no proof of any privity of contract between the plaintiffs and the defendants. This motion for a directed verdict was overruled by the court and after all the evidence was introduced, the case was submitted to the jury upon the court's charge, to which there is no exception. The jury found in favor of the plaintiffs and against defendants, Oliver Corporation, and awarded plaintiffs damages in the sum of $1,200.00, and further found in favor of the defendants, Dealer Associates, Inc.

The defendants filed a motion for a new trial and this motion for a new trial also included a renewal of the

motion for a directed verdict in favor of the defendants, which motions were overruled by the trial court and the defendants have prayed and perfected an appeal in error to this Court.

The defendants have filed eight assignments of error, the first two assignments being as follows:

"1. The trial judge erred in failing and refusing to sustain defendant's motion for a new trial and directed verdict on the grounds that there was no evidence to support the verdict.

2. The trial judge erred in failing to sustain defendant's motion for a new trial and directed verdict on the grounds that there was no privity of contract between plaintiff and defendant, Oliver Corporation."

We will first discuss assignment of error number two because we think the question of whether there was any privity of contract between plaintiffs and defendant, Oliver Corporation, is the determinative question in this case.

Of all the cases cited by counsel on both sides, the case of General Motors Corporation v. Dodson, 47 Tenn. App. 438, 338 S.W.(2d) 655, (1960), and Kyker v. General Motors Corporation, 214 Tenn. 521, 381 S.W.(2d) 884 (1964), bear more similarity to the instant case than any other case cited by counsel.

However, there are some distinctions between the Dodson case and the Kyker case, and we perceive these distinctions to be as follows:

In the Dodson case the dealer was given a written express warranty issued by the manufacturer, General Motors, and the manufacturer required the dealer to give

the ultimate purchaser the same identical express warranty which the manufacturer gave the dealer.

As a result of this fact, in the Dodson case, the Court of Appeals reached the following conclusion:

"* * * the jury could have found that General Motors was the actual person or entity with whom plaintiffs were dealing, and Kemp was a conduit or subterfuge by which General Motors tried to exempt itself from liability to the consumers who are the plaintiffs."

In the Dodson case the Court of Appeals found the following facts: .

"The ultimate determinative facts are these: General Motors put on the general market in 1954 an Oldsmobile automobile which it learned was defective in the braking system. It notified its dealers and suggested a way to remedy the defect and directed its dealers to contact all purchasers of this defective automobile and to remedy same. The notice to the dealers was in the nature of a general bulletin."

As distinguished from the facts in the Dodson case, the Supreme Court found that in the Kyker case the facts were as follows:

"The facts necessary to state in this opinion are as follows: Petitioner purchased a new Chevrolet automobile manufactured by General Motors, from Sevier Motor Company, an authorized dealer of the manufacturer. In connection with this sale petitioner received a written warranty covering defective workmanship and parts. The warranty, prepared and supplied by General Motors, is by its terms a warranty from the dealer, as seller, and not as agent of General Motors.

It is undisputed an employee of Sevier Motor Company presented this warranty to petitioner and signed the booklet containing the warranty, among other things, as a representative of Sevier Motor Company. *However, it does not appear, from the record General Motors required this warranty to be given to the petitioner.*" (Emphasis supplied.)

In the Dodson case it will be seen that the Court of Appeals found that the manufacturer, General Motors, manufactured and placed upon the general market an inherently dangerous product, to-wit; an automobile with defective brakes, whereas, in the Kyker case, there was no finding of fact that the manufacturer manufactured and placed upon the market any such inherently dangerous product.

In the instant case, there is no evidence that the manufacturer, Oliver Corporation, gave the dealer a written express warranty, or that the manufacturer required the dealer to give the ultimate purchaser any such warranty.

In the Kyker case the Supreme Court found that all of the evidence was to the effect that the sale in question was made by Sevier Motor Company, as an independent dealer and not as an agent of General Motors. There was no evidence General Motors was a contracting party in that case. In this respect, we think the facts in the instant case are the same as they were in the Kyker case. Furthermore, there is no evidence in this case that the manufacturer, Oliver Corporation, placed upon the market an inherently dangerous product, and therefore, we think the opinion in the Kyker case applies to the instant case.

In the Kyker case, the Court said the Uniform Sales of Goods Act did not apply for the following reason:

"To apply to the provisions of the Uniform Sales of Goods Act to this type of situation flies in face of the very terms of the Act itself. The Act is couched in terms of 'buyer' and 'seller' and a fair reading of its provisions indicate clearly it is intended to apply to only transactions between vendor and vendee and should not extend to the relations between a manufacturer, not a vendor, and the consumer. Not only is this true, but the anomalous result reached in this case by the Trial Court shows one of the difficulties inherent in applying the Uniform Sales of Goods Act to this set of facts. Thus we reject the application of the Uniform Sales of Goods Act in this and similar situations."

In the second count of their declaration the plaintiffs rely upon Section 47-1215 Tennessee Code Annotated, which is a part of the Uniform Sales of Goods Act. Since there is no evidence in the case at bar that Associated Farm and Home Store acted as agent for the Oliver Corporation, Section 47-1215 Tennessee Code Annotated, cannot be applied in this case.

The only proof of express warranty is contained in Exhibit 1 to cross-examination of the plaintiff, Green. (B. of E. p. 172). This warranty is as follows:

"Seller warrants that the new Oliver crawler tractor herein described is well made and of good material and agrees to replace at Seller's place of business, for a period of six months after delivery of such tractor to Buyer by Seller, such parts found upon inspection by Seller to be defective in workmanship or material.

Seller makes no warranty in respect to allied equipment or trade accessories (such as ignition apparatus, starter, batteries, belting, magnetos, carburetors, etc.)

not manufactured by the Oliver Corporation, such being subject to the warranty of their respective manufacturers.

No warranty is given with regard to second hand tractors or tractors which have been altered or rebuilt.

No Oliver crawler tractors on which equipment disapproved by the Oliver Corporation for use on such tractors is installed shall be covered by this warranty.

This warranty is made in lieu of all other warranties, expressed or implied (including any warranty of merchantability or fitness for purpose), and no warranty is made or authorized to be made other than herein set forth. In no event shall the Seller be liable for special or consequential damages nor shall Seller's liability or the liability of the Oliver Corporation, on any expressed implied warranty exceed the cost of replacement, f. o. b at Seller's place of business, of parts found by Seller to be defective.''

It will be seen that this warranty was made by the seller only and not by the manufacturer, Oliver Corporation, therefore, the Oliver Corporation would not be liable under this warranty.

The plaintiffs make no allegation of negligence in their declaration, but base their case solely upon breach of warranty.

Therefore, under the rules of law laid down in the Kyker case, we hold there was no issue of fact to be submitted to the jury, and the only issues in the case were questions of law to be decided by the court. These specific questions of law have been decided by our Supreme Court in the Kyker case.

We believe that if the opinion in the Kyker case had been published prior to the time the instant case was tried, the learned trial judge would have sustained the defendant's motion to direct a verdict in favor of the defendant, Oliver Corporation, upon the grounds there was no privity of contract between plaintiffs and the defendant, Oliver Corporation.

For the reasons hereinabove set forth, we find that the learned trial judge committed error by refusing to sustain the defendant's motion for a directed verdict, and, therefore, we sustain assignments of error numbered one and two, the judgment of the trial court is reversed and the case dismissed at the cost of defendants-in-error, who were the plaintiffs below.

Shriver and Humphreys, JJ., concur.