WILLIAM E. KOELLMER *v.* CHRYSLER MOTORS
CORPORATION ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-677-13757

Argued June 8—decided November 27, 1970

*Melvin J. Silverman,* of Norwalk, for the appellant (plaintiff).

*Lawrence W. Kanaga,* of Bridgeport, for the appellee (named defendant).

*Richard A. Silver,* of Bridgeport, for the appellee (defendant Norwalk Dodge Corporation).

DEARINGTON, J. The plaintiff brought an action to rescind a contract and for damages, claiming a breach of an implied warranty of merchantability arising out of a sale of a new Dodge truck purchased by him from the Norwalk Dodge Corporation, hereinafter referred to as Dodge. The plaintiff joined the Chrysler Motors Corporation, hereinafter referred to as Chrysler, as a party defendant in a second count. The plaintiff claimed that both Dodge, acting as agent for Chrysler, and Chrysler warranted that the truck would be of merchantable quality and reasonably fit for the general purposes for which it was manufactured and sold, and he claimed that on his taking possession of the truck it was found to be defective. Dodge answered by admitting the contract of sale and generally denying the remaining allegations. Chrysler's answer amounted to a general denial. In a special defense, Chrysler claimed that Dodge was an independent contractor in its relationship with Chrysler. After each side had rested, the defendants moved for a directed verdict, the motions were granted, and the jury returned a verdict for the defendants.

In his appeal, the plaintiff has assigned error in the granting of the motions for a directed verdict

and in the denial of his motion to set the verdict aside, claiming that the verdict was not supported by the evidence on the issue of liability. Errors are also assigned in rulings on evidence.

"Directed verdicts are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion." *Console* v. *Nickou*, 156 Conn. 268, 270. "The case should be decided by the judge as essentially a question of law, and he may direct a verdict." *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 317. In reviewing the direction of a verdict for the defendants, we examine the evidence in the light most favorable to the plaintiff. *Engengro* v. *New Haven Gas Co.*, 152 Conn. 513, 516.

A brief summary of the undisputed evidence would be helpful in our review of the assignments of error. On February 10, 1967, the plaintiff entered into an agreement with Dodge to purchase a new Dodge truck and in furtherance thereof executed an order form. The truck was delivered to the plaintiff around May 5, 1967. At the time of delivery, the glove compartment of the truck contained an operator's manual. The plaintiff accepted the truck and was in the process of driving it home when the engine commenced to steam. Upon arriving home, he called Dodge and was instructed to return the following day. He returned the next morning, and after an hour or two he was told by Dodge that the truck was repaired. Again the plaintiff started home with the truck, and again he had the same experience. He immediately returned to Dodge and left the truck with it overnight to be repaired. The following day he returned and was told by Dodge that the truck was ready. Upon driving the truck, the plaintiff had the same experience and returned it to Dodge. He left the truck with Dodge, and a few days later Dodge called him and informed him that a new engine would have to be installed. The plaintiff

called Dodge several times during the following weeks and around the first of June was told that the wrong "head" had arrived and Dodge would have to return it for a new one. At this point the plaintiff informed Dodge that he did not want the truck. At the trial it was admitted by the defendants that the engine block contained a "sand hole."

After each side had rested, the court granted the motion of each defendant for a directed verdict. The court reasoned that an implied warranty of merchantability, as claimed by the plaintiff, had not come into operation since such a warranty had been disclaimed by a provision or clause appearing in the purchase order form. This form, executed by both Dodge and the plaintiff, contained the following clause on its face: "If this order covers a new vehicle—such vehicle is guaranteed for five years or 50,000 miles per manufacturers new vehicle warranty." At the bottom of the form directly over the plaintiff's signature appears the following in small print: "I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature." On the back of the form, under the title "Conditions," there appear ten paragraphs, each separately numbered. The seventh paragraph, in brief, disclaims an implied warranty of merchantability.[1] At the time

[1] "7. No warranties are made or will be deemed to have been made by either the dealer or the manufacturer of the new motor vehicle or motor vehicle chassis furnished hereunder, excepting only Chrysler Corporation's current printed warranty applicable to such vehicle or vehicle chassis, which warranty is incorporated herein and made a part hereof and a copy of which will be delivered to purchaser at the time of delivery of the new motor vehicle or motor vehicle chassis. Such warranty shall be expressly in lieu of any other warranty, expressed or implied, including, but not limited to, any implied warranty of merchantability or fitness for a particular purpose, and the remedies set forth in such warranty will be the only remedies available to any person with respect to such new motor vehicle or motor vehicle chassis."

of delivery, an operator's manual was placed in the glove compartment by Dodge. This manual contained, among other matters, various warranties as to repairing and replacing defective parts and further disclaimed a warranty of merchantability.

It is not disputed that the plaintiff accepted delivery of the new truck and, after repeated trouble arising from the malfunctioning of the engine, returned the truck and claimed to have rescinded the agreement.

In its memorandum on the plaintiff's motion to set aside the verdict, the court stated: "The facts in this case are not seriously disputed. There was no issue for the determination of the jury. The motion to set aside is denied." If the disclaimer clause became operative and was in compliance with statutory requirements then the ruling of the court should not be disturbed. This is so because General Statutes § 42a-1-201 (10) provides: "Whether a term or clause is 'conspicuous' or not is for decision by the court." The statutory requirements relied on by the parties are set forth in §§ 42a-1-201 (10), 42a-2-314, and 42a-2-316 of the General Statutes, in the Uniform Commercial Code.

Section 42a-2-314 (1) provides in part: "Unless excluded or modified as provided by section 42a-2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." See § 42a-2-105 for the definition of "goods." Section 42a-2-314 (2) provides in part: "Goods to be merchantable must be at least such as ... (c) are fit for the ordinary purposes for which such goods are used . . . ." Section 42a-2-316 (2) provides in part: "Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in

case of a writing must be *conspicuous,* and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and *conspicuous."* (Italics supplied.)

There appears to be no question that the trial court, in directing the verdict for the defendants, concluded that the terms contained in the order form met the requirements of § 42a-2-316 as it relates to exclusion of an implied warranty of merchantability. The plaintiff contended that the order form did not comply with the statute in this respect. More specifically, he claimed that "any attempted disclaimer must be conspicuous and must mention merchantability" and that the order form failed to meet these requirements.

The question here is whether as a matter of law the trial court properly concluded that the implied warranty relied on by the plaintiff was excluded by the alleged disclaimer clause appearing on the back of the order form. The commercial code is designed to protect the buyer from bearing the burden of loss where merchandise does not conform to normal commercial standards of meeting the buyer's "ordinary purposes for which such goods are used." § 42a-2-314 (2) (c). "The entire purpose behind the implied warranty sections of the Code is to hold the seller responsible when inferior goods are passed along to the unsuspecting buyer." *Vlases* v. *Montgomery Ward & Co.,* 377 F.2d 846, 850. If the implied warranty is to be negated or modified, such negation or modification must, in the case of a writing, be "conspicuous" as required by § 42a-2-316 (2). "Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." § 42a-1-201 (10). We turn now to the disclaimer clause appearing on the back of the order form in paragraph (7). The ten conditions are each printed in the same lettering or print and in the same color

and total over 800 words. The disclaimer clause is embedded in the seventh paragraph, and there is nothing characteristic about the clause or the paragraph to distinguish it from the other nine paragraphs. The disclaimer in the order form failed to comply with the statutory requirements.

The defendant Dodge further contends that the warranties set forth in the operator's manual, placed in the glove compartment at the time of delivery, contain a clause disclaiming an implied warranty of merchantability. Dodge argues that paragraph (7) on the back of the order form incorporates by reference the material in the operator's manual and that that material is therefore binding on the plaintiff. We have already determined that the disclaimer clause in paragraph (7) failed to comply with the statutory requirements. Furthermore, incorporation by reference, only, can hardly be regarded as conspicuously setting forth the conditions appearing in the other document. Moreover, the conditions appearing in the operator's manual, standing alone, would not be binding, for a "mere delivery of a printed and unexecuted form after the sale had been consummated would not bind the purchaser." *Sensabaugh* v. *Morgan Bros. Farm Supply, Inc.,* 223 Md. 593, 596; see *Miller* v. *Andy Burger Motors, Inc.,* 370 S.W.2d 654 (Mo. App.). It is further asserted that the "five years or 50,000 miles" guarantee appearing on the face of the order form is controlling. Such an express warranty would not negate an implied warranty, since it is not inconsistent with an implied warranty. *Sutter* v. *St. Clair Motors, Inc.,* 44 Ill. App. 2d 318.

The defendant Dodge introduced a copy of a complaint returnable to the Circuit Court for the first circuit on the first Tuesday of February, 1968, wherein the plaintiff had brought an action against the Chrysler Corporation, not to be confused with

the defendant Chrysler Motors Corporation. See *Kucza* v. *Stone,* 155 Conn. 194, 197, and cases cited in respect to admissions by pleadings in other actions. The facts set forth in that complaint closely parallel those in the instant case except that the plaintiff sought recovery against Chrysler Corporation in the second count for a breach of an express warranty. Dodge contends that these pleadings are a judicial admission inconsistent with the plaintiff's claim in the instant case, grounded solely on a breach of implied warranty. It should be noted that Dodge is not a party in the action in question. We are unable to find an inconsistency, for a litigant is not precluded from bringing action against a defendant in one suit for a breach of an implied warranty and against another defendant in a separate suit for a breach of an express warranty. 1 Am. Jur. 2d, Actions, § 140. We of course do not pass on the question whether recovery in one action is a bar to recovery in the other action.

In view of the position we have taken, we conclude that the trial court erred in directing a verdict for the defendant Dodge. Whether the implied warranty was broken and the question of rescission were issues for the determination of the jury.

We now consider whether the court erred in directing a verdict in favor of the defendant Chrysler. In his complaint, the plaintiff alleged that Dodge acted as an agent for Chrysler and that the implied warranty of merchantability thus ran against or was imputed to Chrysler. It, perhaps, should be noted that we are not concerned with the doctrine of strict liability, for the pleadings sound in contract rather than tort. See *Hamon* v. *Digliani,* 148 Conn. 710, 716. This being so, a privity of contract between the parties must be shown. The operator's manual described Chrysler Corporation as the manufacturer, and the warranties therein are

made by Chrysler Corporation. Also, the order form and invoice provide that the Chrysler Corporation warranties apply. The agreement was executed by Dodge, and all dealings were with Dodge. In our review of the evidence in the light most favorable to the plaintiff, we conclude that the plaintiff failed to show that the defendant Chrysler was an agent of Dodge as alleged in his complaint. The jury could not reasonably or logically have found otherwise. The court committed no error in directing a verdict for the defendant Chrysler Motors Corporation.

Since there must be a new trial in the case of Dodge, it is unnecessary to review the plaintiff's final assignment of error, directed to the court's ruling on the admission of evidence relating to consequential damages. In this respect, however, we make reference to the general rule of damages in cases where a rescission of the contract is sought. 17 Am. Jur. 2d, Contracts, § 516; see General Statutes § 42a-2-711.

There is error only as to the judgment in favor of the defendant Norwalk Dodge Corporation, the judgment as to it is set aside and a new trial is ordered.

In this opinion JACOBS and KINMONTH, Js., concurred.