544 P.2d 306

**SALMON RIVERS SPORTSMAN CAMPS, INC., an Idaho Corporation, Plaintiff-Appellant,**

v.

**CESSNA AIRCRAFT COMPANY, a Kansas Corporation; and Boise Aviation, Inc., an Idaho Corporation, Defendants-Respondents.**

**No. 11637.**

Supreme Court of Idaho.

Dec. 31, 1975.

Robert L. Bilow of Hawley, Troxell, Ennis & Hawley, Boise, Charles W. Mertel, of Guttormsen, Scholfield & Stafford, Seattle, Wash., for plaintiff-appellant.

Mark S. Geston of Eberle, Berlin, Kading, Turnbow & Gillespie and Charles W. Hosack of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McFADDEN, Justice.

Salmon Rivers Sportsman Camps, Inc., (hereinafter "Salmon Rivers") instituted this action to recover damages allegedly sustained when its aircraft suffered a mechanical failure. Salmon Rivers predicated its action against respondents Cessna Aircraft Company (hereinafter "Cessna") and Boise Aviation, Inc., (hereinafter "Boise Aviation") on an alleged breach of implied warranty. Salmon Rivers appealed to this court following the district court's grant of summary judgment in favor of each of the respondents. We affirm.

On December 19, 1967, the appellant purchased a 1968 Cessna aircraft from Boise Aviation. Cessna manufactured the airplane which was sold to Skyways Aircredit Corporation (hereinafter "Skyways") who in turn delivered it to Boise Aviation. On May 25, 1968, the aircraft suffered an engine failure during takeoff, crash landed, and was extensively damaged. The airplane had been flown approximately 200 hours between the purchase and the crash. Representatives of Boise Aviation visited the crash site within a short time after the accident to examine the aircraft. Delbert McNees, a maintenance supervisor employed by Boise Aviation at the time, examined the aircraft there and discovered a failure of the "waste gate linkage assembly," which allegedly caused the accident. The airplane was transported to the shop of Boise Aviation for repairs, which the appellant paid without protest. The Cessna aircraft was returned to service with the appellant and, from all indications, performed satisfactorily until its sale to a third party.

It is undisputed that at no time did the appellant serve upon either of the respondents any written notice of a defect or

claim for damages, prior to the institution of this action. Albert Tice, the appellant's chief pilot and the pilot of the Cessna at the time of the accident, stated in his affidavit: "During the initial examination of the aircraft at the place of the accident I specifically advised Don Watkins of Boise Aviation that I expected Cessna to stand behind their product and would hold them accountable for this incident." The statement by Tice comprises the sole notice given by the appellant with regard to the mishap.

Salmon Rivers filed this action on April 25, 1972, almost four years after the accident. In its action Salmon Rivers proceeded against both Cessna and Boise Aviation, seeking recovery for the cost of the airplane's removal and repair, and for the loss of the use of the aircraft during its repair. No claim for personal injuries is involved in this action, nor is any claim for damage to property other than the airplane itself.

Following the submission of answers to interrogatories, depositions, and affidavits, the district court granted the respondents' motions for summary judgment in favor of Cessna and Boise Aviation. The district court, in its memorandum decision and orders, ruled that the appellant was barred from any recovery based on a tort action by I.C. § 5–218(3), which provides that an action for injury to goods or chattels must be brought within three years after the cause of action accrues. The district court next concluded that the appellant consequently was relegated to its contract rights and then held that the appellant had failed to establish the necessary privity of contract between it and Cessna to recover against Cessna on those rights. The court also concluded that the appellant failed to comply with the notice provision of the Uniform Sales Act, I.C. § 64–309 (which

was in force at the time of the sale),[1] and therefore it could not recover from Boise Aviation. Salmon Rivers appealed from those summary judgments.

The different lengths of time provided by the two pertinent statutes of limitations, I.C. § 5–218(3) providing three years for an action in tort and I.C. § 5–217 providing four years for an action in contract, force this court to examine the basic concept of a breach of warranty, whether it is based in tort or contract, and if the latter basis requires privity of contract.

### Privity of Contract

On appeal the appellant challenges the district court's holding that privity of contract must exist between it and Cessna before it could recover from the latter. The role of privity in products liability actions remains an unsettled legal issue, demonstrating an ambiguity which derives partly from a failure to delineate precisely the context in which courts make statements regarding privity. A products liability action varies in fortune depending upon the type of recovery sought, the legal basis upon which the desired recovery is grounded, and the applicable statute of limitations. A plaintiff can seek recovery of damages in a products liability action for personal injury, property damage, and economic loss. Although personal injuries stand distinctly apart from the other two categories, a delineation between the latter two is necessary. Property damage encompasses damage to property other than that which is the subject of the transaction. Economic loss includes costs of repair and replacement of defective property which is the subject of the transaction, as well as commercial loss for inadequate value and consequent loss of profits or use. *See, e. g.*, J. White & R. Summers, Uniform Commercial Code, 329–35 (1972) ;[2] W. Prosser,

---

1. The Uniform Commercial Code, Title 28, chs. 1–10, Idaho Code, adopted S.L.1967. ch. 161, became effective midnight December 31, 1967.

2. The text focuses upon the Uniform Commercial Code, but recognizes that much of the law of privity of contract is beyond the ambit of the Code. The text on this issue, therefore, is not as narrow as the title suggests, and the three categories for types of recovery have applicability in the instant case which arose before the UCC became effective in Idaho.

Torts, § 101 (4th ed. 1971); Note, "Economic Loss in Products Liability Jurisprudence," 66 Colum.L.Rev. 917 (1966); Comment, 114 U.Pa.L.Rev. 539, 541 (1966). A potential products liability action, moreover, must tie the type of recovery sought to the legal ground for the action: negligence, strict liability in tort, or breach of express or implied warranty. *See, e. g.,* R. Hursh & H. Bailey, 1 American Law of Products Liability 2d, §§ 2–4 (1974). A plaintiff bringing a products liability action finally must tie the type of recovery sought and the legal ground for that recovery within the time limitations of the applicable statute. I.C. §§ 5–216—5–219.

The record discloses that the case at bar is an action by a plaintiff, not in privity of contract with the manufacturer, to recover an economic loss on the ground of breach of implied warranty and within the period of limitations for an "action upon a contract, obligation or liability not founded upon an instrument of writing." I.C. § 5–217.

██ Such a characterization divorces the following discussion of privity of contract from products liability actions regarding other types and grounds of recovery and other statutes of limitations. The instant case consequently is not governed by, nor in turn affects, the law regarding the role of privity in recovery for personal injuries or property damage. Within the category of recovery for economic loss, this case is not an appropriate vehicle for deciding whether a plaintiff must demonstrate privity of contract as a prerequisite to recovery in tort on the grounds of breach of express[3] or implied warranty, negligence, or strict liability. If any such grounds of recovery did exist in the case at bar, they were precluded by the three-year statute of limitations for injury to goods or chattels, I.C. § 5–218(3). Neither is this case an appropriate vehicle for deciding whether a plaintiff must demonstrate privity of contract to recover for economic loss under a contract action grounded on breach of express warranty,[4] because Salmon Rivers failed to establish any express warranty from Cessna.[5] All we can decide in this case is whether a plaintiff may maintain an action against a manufacturer, with which it is not in privity of contract, to recover economic loss on the ground of breach of implied warranty within the contract statute of limitations, I.C. § 5–217.[6]

The posture of Salmon Rivers' action against Cessna, as characterized above, is based on the conclusion that privity of contract indeed is absent between these two parties. Salmon Rivers argues that it

3. Dictum exists in *B. B. P. Ass'n, Inc. v. Cessna Aircraft Co.,* 91 Idaho 259, 264, 420 P.2d 134, 139 (1966), which suggests that privity of contract is not a prerequisite to liability for breach of express warranty in an action to recover economic loss. The issue in that case, however, focused upon the propriety of service of summons on a foreign corporation. The dictum, moreover, does not specify whether the liability absent privity would be in tort or contract. This court, in an appropriate case, shall address the issue directly.

4. *See* n. 3 *supra.*

5. Salmon Rivers presented affidavits referring to the examination of advertising materials prepared by Cessna. The district court ruled that this presentation failed to establish an express warranty running from Cessna to Salmon Rivers. We agree because the affidavits do not demonstrate inducement or reliance regarding the advertising materials.

6. Despite the respondents' arguments on appeal, this case is not appropriate for deciding whether the statute of limitations declared in I.C. § 5–217 begins to run at the date of sale or at the date of discovery of the defect. Respondent Cessna conceded that it had not presented to the district court the argument that the limitation period began at the earlier date. The sale in the instant case was before the Uniform Commercial Code became effective in Idaho and I.C. § 28–2–725 is therefore inapplicable. Language concerning the time of accrual of a cause of action for breach of implied warranty does exist in *Tomita v. Johnson,* 49 Idaho 643, 290 P. 395 (1930), which would suggest a conclusion contrary to that for which the respondents argue. *Tomita* is unclear, however, whether it concerns an action for breach of implied warranty founded in tort or contract.

presented to the district court the issue of fact concerning the existence of privity between Cessna and itself, through the business relationship of Cessna, Skyways, and Boise Aviation, and that summary judgment was therefore improper. We disagree.

■■■ This court agrees with appellant's contention that summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits, liberally construed in favor of the party opposing the summary judgment, show that no genuine issue as to any material fact exists. I.R.C.P. 56(c); *Garner v. Crater Farms, Inc.*, 96 Idaho 383, 529 P.2d 779 (1974). However, a full review of the record in this proceeding fails to disclose any basis for the contention that the issue of the existence of privity was presented to the district court. Cessna, in support of its motion for summary judgment, submitted the affidavit of H. S. Nester. The affiant therein specifically denied that Cessna had any financial interest or control in the Skyways operation, and stated that Skyways and Boise Aviation were neither subsidiaries nor agents of Cessna. This affidavit was not answered by Salmon Rivers as contemplated by I.R.C.P. 56(e). The district court therefore properly concluded that no genuine issue as to any material fact existed between these two parties and, concluding that privity was a prerequisite to recovery under I.C. § 5–217, the court properly granted summary judgment in behalf of Cessna. *Stewart v. Hood Corp.*, 95 Idaho 198, 506 P.2d 95 (1973); *Black v. Peter Kiewit Sons' Co.*, 94 Idaho 755, 497 P.2d 1056 (1972); *Tafoya v. Fleming*, 94 Idaho 3, 479 P.2d 483 (1971); *Prather v. Industrial Investment Corp.*, 91 Idaho 682, 429 P.2d 414 (1967).

■■■ The district court's grant of summary judgment in favor of Cessna was based on the conclusion that privity of contract is a prerequisite for recovery of economic loss on the ground of implied warranty under I.C. § 5–217. An analysis of the district court's conclusion as expressed in its memorandum opinion, must be framed in the context of the dual character of an action for breach of implied warranty as it has developed in American jurisprudence. Consideration of an action grounded on breach of implied warranty can become complicated "by the peculiar and uncertain nature and character of warranty, a freak hybrid born of the illicit intercourse of tort and contract." Prosser, "The Assault Upon the Citadel," 69 Yale L.J. 1099, 1126 (1960). Courts resorted to the legal ground of breach of warranty in attempts both to increase the protection of consumers beyond that afforded them through recovery grounded on negligence, and yet to refrain from specifically enunciating the concept of strict liability in tort. Judicial utilization of the contract concept of warranty should not camouflage the fact that the courts employed the concept to permit a recovery in tort. Prosser, *supra* at 1124–34. A plaintiff generally may base an action for breach of warranty in either tort or contract. Prosser, *supra* at 1126–27. *See, e. g., Carolet Corp. v. Garfield*, 339 Mass. 75, 157 N.E.2d 876 (Mass. 1959). Courts examining the requirement of privity of contract in an action for breach of implied warranty to recover economic loss usually have not distinguished between a tort and a contract basis for the action. *See, e. g.*, Annot. 16 A.L.R.3d 683, § 6 (1967). The absence of a discussion about such a distinction renders those decisions unhelpful in a case, such as the instant one, where the distinction and an individual treatment of a contract claim is crucial.

Courts and commentators making the distinction between tort and contract recognize that privity of contract is necessary in a contract action for breach of implied warranty. Professor Prosser, while criticizing the use of the warranty concept to enlarge recovery in tort, stated in absolute terms the requirement of privity in a contract action for breach of warranty, regardless of the type of warranty or the type of recovery: "No one doubts that, un-

less there is privity, liability to the consumer must be in tort and not in contract." Prosser, "The Assault Upon the Citadel," 69 Yale L.J. 1099, 1134 (1960). Surveying the increased recognition of strict liability in tort and reiterating the trouble caused by the use of warranty to create an action in tort, Prosser later restated his absolute declaration of the need for privity of contract in a contract action predicated on breach of warranty: "No one denied that where there was no privity, liability to the consumer could not sound in contract and must be a matter of tort." Prosser, "The Fall of the Citadel," 50 Minn.L.Rev. 791, 802 (1966). See also, J. White & R. Summers, Uniform Commercial Code, § 11–5 (1972). Several cases in the last dozen years have distinguished between a tort and a contract basis for an action for breach of implied warranty to recover economic loss and have required privity of contract for a plaintiff to recover in contract in such an action. See, e. g., Koellmer v. Chrysler Motors Corp., 6 Conn.Cir. 478, 276 A.2d 807 (Conn.Cir.App.1970), cert. denied 160 Conn. 590, 274 A.2d 884 (1971); Mahalsky v. Salem Tool Co., 461 F.2d 581 (6th Cir. 1972) (applying Ohio law); Cloer v. General Motors Corp., 395 F.Supp. 1070 (E.D.Tex.1975); Foremost Mobile Homes Manufacturing Corp. v. Steele, 506 S.W.2d 646 (Tex.Civ.App. 1974); Pioneer Hi-Bred International, Inc. v. Talley, 493 S.W.2d 602 (Tex.Civ.App. 1973); Thermal Supply of Texas, Inc. v. Asel, 468 S.W.2d 927 (Tex.Civ.App.1971); White's Farm Dairy, Inc. v. De Laval Separator Co., 433 F.2d 63 (1st Cir. 1970) (applying Massachusetts law); Necktas v. General Motors Corp., Pontiac Division, 259 N.E.2d 234 (Mass.1970); Hupp Corp. v. Metered Washer Service, 472 P.2d 816 (Or.1970); State ex rel. Western Seed Production Corp. v. Campbell, 250 Or. 262,

442 P.2d 215 (1968), cert. denied, 393 U.S. 1093, 89 S.Ct. 862, 21 L.Ed.2d 784 (1969); Seely v. White Motor Co., 63 Cal.2d 9, 403 P.2d 145 (Cal.1965); Oliver Corp. v. Green, 54 Tenn.App. 647, 393 S.W.2d 625 (Tenn.Ct.App.1965); Kyker v. General Motors Corp., 214 Tenn. 521, 381 S.W.2d 884 (Tenn.1964); General Motors Corp. v. Halco Instruments, Inc., 124 Ga.App. 630, 185 S.E.2d 619 (Ga.Ct.App. 1971); Dudley v. Bayou Fabricators, Inc., 330 F.Supp. 788 (S.D.Ala.1971). We agree with Professor Prosser's quoted statements and the cases listed above, and conclude that privity of contract is required in a contract action to recover economic loss for breach of implied warranty. This conclusion primarily is founded upon the commercial nature of such an action and upon the legal principle that a contract, even including its implied terms, only arises from an agreement between two or more parties. We reach this conclusion irrespective of the Uniform Sales Act or the Uniform Commercial Code. The former spoke only in terms of "buyer" and "seller," making no provision for an action under that statute in the absence of privity; the latter statute, as enacted in Idaho, only removes privity as a requirement in personal injury actions under the Code, and then only as to a limited group of potential plaintiffs.[7]

The requirement of privity of contract in a contract action to recover economic loss for breach of implied warranty is consistent with previous decisions of this court in products liability actions to recover economic loss. In Robinson v. Williamsen Idaho Equip. Co., 94 Idaho 819, 498 P.2d 1292 (1972), this court found that privity did exist between the parties and consequently did not meet a situation such as in the case at bar. Chisholm v. J. R. Simplot Co., 94 Idaho 628, 495 P.2d 1113 (1972), turned not upon the question of privity,

7. I.C. § 28–2–318 provides:

"Third party beneficiaries of warranties express or implied.—A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

which was not argued to the court, but upon the question of whether a breach of warranty, assuming *arguendo* the existence of a warranty, was the proximate cause of the damage. Immediate privity of contract existed between the parties in *Paullus v. Liedkie,* 92 Idaho 323, 442 P.2d 733 (1968), and places that case in a context other than that of the instant proceedings. Finally, *B. B. P. Association, Inc. v. Cessna Aircraft Co.,* 91 Idaho 259, 420 P.2d 134 (1966), focused upon the propriety of service of summons on a foreign corporation; any statement about the requirement of privity in an action for breach of warranty was merely dictum and, moreover, was dictum which concerned an alleged breach of an express rather than an implied warranty. The result is that these four cases add nothing to the analysis of the issue before this court in the case at bar.

This court concludes that the district court did not err in granting summary judgment to Cessna for Salmon Rivers' failure to establish privity of contract between it and Cessna.

### Notice of Breach of Warranty

■ Salmon Rivers also challenges on appeal the district court's conclusion that it failed to give adequate notice of breach of warranty, as required by I.C. § 64–309,[8] and that it therefore could not recover from Boise Aviation, with whom it undisputedly was in privity of contract. The language of I.C. § 64–309 requires notice by the "buyer" to its "seller." Such was not the case insofar as Cessna is concerned. Cessna was a remote manufacturer rather than the seller to Salmon Rivers, and consequently the notice requirement of

I.C. § 64–309 was inapplicable to Salmon Rivers in its action against Cessna. *See, e. g., Santor v. A and M Karagheusian, Inc.,* 44 N.J. 52, 207 A.2d 305 (N.J.1965); *Greenman v. Yuba Power Products, Inc.,* 59 Cal.2d 57, 377 P.2d 897 (Cal.1962). The following analysis of the adequacy of notice of breach of warranty, therefore, only concerns the action by Salmon Rivers against Boise Aviation.

■ Courts which have had occasion to consider the adequacy of notice of breach of warranty under the Uniform Sales Act have required that the notice meet certain basic requirements. The court in *Barni v. Kutner,* 6 Terry 550, 76 A.2d 801 (Del.Super.Ct.1950), summarized the requirements for a sufficient notice:

"It must (1) refer to particular sales, so far as practicable; (2) fairly advise the seller of the alleged defects; (3) repel the inference of waiver; (4) assert, directly or by reasonable inference, that the buyer is claiming a violation of his legal rights, although it need not take the form of an express claim for damages or threat of such."

*Id.* at 805. *See also Klein v. American Luggage Works, Inc.,* 2 Storey 406, 158 A.2d 814 (Del.1960); *Cox v. Greenlease-Lied Motors,* 134 Neb. 1, 277 N.W. 819 (Neb.1938); *Nashua River Paper Co. v. Lindsay,* 144 N.E. 224 (Mass.1924); Annot., 53 A.L.R.2d 270 (1957). Salmon Rivers relies upon *W. H. Bintz Co. v. Mueggler,* 65 Idaho 760, 154 P.2d 513 (1944), to absolve it of the need to give Boise Aviation notice of the defect because the latter repaired the aircraft and had actual notice of the defect. The *Mueggler* decision only

---

8. I.C. § 64–309 provided:
   "Acceptance does not bar action for damages.—In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know such breach, the seller shall not be liable therefor."
   Repealed, S.L.1967, ch. 161, effective midnight December 31, 1967. The Uniform Commercial Code was in effect at the date of the accident, but the Uniform Sales Act was in effect at the date of the sale of the aircraft. The date of the sale determines which statute governs the right of the parties to the sale.

assists Salmon Rivers in fulfilling the second of the four elements enunciated in *Barni*; a notice of defect is only one portion of the requirements of a notice of breach of warranty.

 The inadequacy of Salmon Rivers' notice to Boise Aviation of breach of warranty arises in its failure to fulfill the third and fourth elements summarized in *Barni*. The oral statement of Albert Tice at the scene of the accident is the sole notice given by Salmon Rivers until it filed the complaint in this action. Tice described the content of the conversation in his affidavit:[9] "During the initial examination of the aircraft at the place of the accident I specifically advised Don Watkins of Boise Aviation that I expected *Cessna* to stand behind their product and would hold them accountable for this incident." (Emphasis supplied.) The statement failed to inform Boise Aviation that Salmon Rivers would look to it for satisfaction of a violation of the appellant's legal rights. The mention of Cessna and the failure to mention Boise Aviation caused the statement to fail to fulfill the fourth element set out in *Barni*. Moreover, the fact that Salmon Rivers later paid the costs of repairing the airplane without protest is an action which failed to meet the third requirement: the need to repel the inference of waiver. We therefore agree that Salmon Rivers failed to give Boise Aviation adequate notice of breach of warranty.

 Aside from the oral statement of Albert Tice, the only other notice upon which Salmon Rivers could rely to fulfill the requirements of I.C. § 64–309 is the filing of the complaint in this action. Salmon Rivers filed the complaint just one month less than four years after the accident. An unexplained delay of such length is fatal to the requirement that the notice of breach of warranty be given to the seller within a reasonable time.

The district court did not err in granting summary judgment to Boise Aviation for Salmon Rivers' failure to give Boise Aviation adequate notice of breach of warranty.

Judgments affirmed. Costs to the respondents.

McQUADE, C. J., DONALDSON, J., and SCOGGIN and MAYNARD, District Judges, concur.

---

9. The affidavit of Albert Tice was submitted almost two months after the last oral argument before the district court with respect to the motion for summary judgment. The court, at that argument, only permitted the parties to submit additional briefing and made no mention of whether it would receive additional evidence by way of affidavits. Idaho Rules of Civil Procedure 56(c) states that upon a hearing of a motion for summary judgment, "[t]he adverse party prior to the day of hearing may serve opposing affidavits." The propriety of the consideration of the affidavit of Albert Tice is less than clear. *Settecasi v. Board of Public Instruction*, 156 So. 2d 652 (Fla.Dist.Ct.App., 1963).