**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD KAYSER; MARY KAY
KAYSER,

Plaintiffs - Appellees,

v.

PAM JANE MCCLARY,

Defendant - Appellant.

No. 12-35610

D.C. No. 1:10-cv-00119-REB

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted November 4, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

Pam McClary appeals the denial of her renewed motion for judgment as a

matter of law after a jury trial. We have jurisdiction pursuant to 28 U.S.C. § 1291

and affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. There was sufficient evidence from which the jury could conclude that the easement was supported by valid consideration. Because the easement was a written instrument, Idaho law presumes valid consideration, Idaho Code Ann. § 29-103 (West 2013), and other evidence of the exchange of consideration was offered into evidence.

2. There was substantial evidence to support the jury's verdict that James McClary was not incompetent when he executed the easement. "[A]ll proceedings involving the competency of an individual to execute a valid contract start with the presumption of competency," *Olsen v. Hawkins*, 408 P.2d 462, 464 (Idaho 1965), and several individuals who interacted with James McClary near the time he executed the easement testified to his competency.

3. The admission of James McClary's will into evidence was not an abuse of discretion. The will was relevant both as to McClary's competence and the possible bias of witnesses who took under its terms. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009).

4. The district court did not abuse its discretion in denying Pam McClary's motion to amend her answer to include an undue influence defense. Fed. R. Civ. P. 15(b)(2). The district court also reasonably refused to find that the Kaysers had implicitly consented to the defense.

5. There was sufficient evidence to support the award of punitive damages. Pam McClary testified that she built a fence out of spite, rather than as a means of asserting her property rights. Idaho Code Ann. § 6-1604(1) (West 2013); *Fitzgerald v. Walker*, 826 P.2d 1301, 1305 (Idaho 1992).

6. The district court properly concluded that Idaho law permits recovery of purely economic damages for a claim of tortious interference with contract. Idaho's economic loss doctrine has only been applied to bar recovery of purely economic losses in product liability cases and negligence cases, *see Duffin v. Idaho Crop Improvement Ass'n*, 895 P.2d 1195, 1200-01 (Idaho 1995); *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 544 P.2d 306, 309 (Idaho 1975), and has not been applied to bar recovery for intentional torts.

7. The district court did not abuse its discretion in concluding that Pam McClary defended the suit unreasonably and in awarding attorneys' fees to the Kaysers under Idaho Code Ann. § 12-121 (West 2013). *See* Idaho R. Civ. P. 54(e)(1); *Conley v. Whittlesey*, 985 P.2d 1127, 1136 (Idaho 1999).

**AFFIRMED**.