## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45721

JERRY LOSEE and JOCAROL LOSEE,

    Plaintiffs-Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2019 Term

Opinion Filed: November 29, 2019

Karel A. Lehrman, Clerk

_____

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Stephen S. Dunn, District Judge.

The decision of the district court is affirmed.

Jerry Losee and Jocarol Losee, Plaintiffs-Appellants pro se

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for Defendant-Respondent. Lars Eric Lundberg argued.

_____

BURDICK, Chief Justice.

Appellants Jerry and JoCarol Losee appeal the district court's decision granting Deutsche Bank National Trust Company's motion for summary judgment, arguing the district court erred by refusing to consider their "Chain of Title Analysis" as inadmissible hearsay. The Losees also argue the district court erred in failing to rule on two of their claims against Deutsche Bank. We affirm.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2003, the Losees entered into a home mortgage loan ("Note") with New Century Mortgage Corporation. The Note was secured by a Deed of Trust.

Several months later, the Note and Deed of Trust were transferred by New Century to

1

Deutsche Bank by an Assignment of Deed of Trust, which was recorded on April 7, 2003. The Losees continued to make payments after the assignment.

In 2009, however, the Losees became delinquent in their payments, eventually defaulting on the Note. Accordingly, Deutsche Bank initiated non-judicial foreclosure proceedings. On March 3, 2011, Deutsche Bank recorded a notice of default, and issued a Notice of Trustee's Sale, setting the sale for July 7, 2011.

On July 6, 2011, the day before the trustee's sale, the Losees filed a complaint against New Century and Deutsche Bank in district court and were granted a temporary restraining order to stop the sale. Later that year, on December 7, 2011, the district court entered judgment in favor of Deutsche Bank allowing it to move forward with foreclosure.

Then the Losees filed for bankruptcy relief on January 12, 2012, staying the foreclosure proceedings. The Losees' bankruptcy case was voluntarily dismissed fourteen days later. Following the dismissal of the Losees' bankruptcy case, Deutsche Bank set a foreclosure sale date for December 6, 2012. However, two days before the sale, the Losees again filed for bankruptcy relief and the sale was stayed for a second time.

Over two years after the foreclosure sale was supposed to take place, a second notice of default was recorded on April 20, 2014. However, the foreclosure sale was postponed when the Losees requested a loss mitigation review. The owner of the loan would not allow loan modification, so the Losees were advised that a short sale of the property was the only loss mitigation available.

On August 17, 2015, this case commenced when the Losees, acting pro se, filed their "Original Petition for Breach of Contract, Slander of Title for Declaratory Judgment and Motion for Temporary Restraining Order and Application for Temporary Injunction" ("Complaint") with the district court, naming Deutsche Bank and New Century as defendants. The Complaint alleged a breach of contract claim and a slander of title claim, and requested a declaratory judgment regarding the rights, obligations, and interests in the property at issue. The Losees then filed an amended complaint on September 14, 2015, adding a claim for wrongful foreclosure against New Century. On March 7, 2017, Deutsche Bank filed a motion for summary judgment.

On April 11, 2017, the Losees submitted a "Notice of Filing for Judicial Review," to which they attached a "Chain of Title Analysis." The "Chain of Title Analysis" was a report resulting from a mortgage fraud investigation conducted by a private investigation company

hired by the Losees. The Notice of Filing for Judicial Review stated that the "Chain of Title Analysis" supported the affidavit of Joseph Esquivel, Jr., which had been filed with the amended complaint a year and a half earlier. Although the "Chain of Title Analysis" was filed in support of the Esquivel affidavit, it was not labeled as an affidavit and the statements within it were unsworn.

On August 25, 2017, the district court granted Deutsche Bank's motion for summary judgment. The district court concluded that New Century's sale of its interest in the Losees' Note did not breach the Deed of Trust, that title to the property had not been slandered or become clouded by the assignment, and that the "Chain of Title Analysis" submitted by the Losees was inadmissible hearsay not appropriate for consideration by the court on summary judgment. The Losees timely appeal the district court's decision.

## II.     ISSUES ON APPEAL

A. Whether the district court erred in refusing to consider the "Chain of Title Analysis" in its summary-judgment determinations on the basis that it was inadmissible hearsay.

B. Whether the district court failed to consider the Losees' claims for wrongful foreclosure and declaratory judgment.

## III.     STANDARD OF REVIEW

"The trial court has broad discretion in deciding whether to admit hearsay evidence under one of the exceptions, and this Court will not overturn an exercise of that discretion absent a clear showing of abuse." *State v. Stanfield*, 158 Idaho 327, 331, 347 P.3d 175, 179 (2015) (citing *State Dept. of Health and Welfare, ex rel. Osborn v. Altman*, 122 Idaho 1004, 1007, 842 P.2d 683, 686 (1992)). Whether the district court abused its discretion requires consideration of four essentials: "Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## IV.     ANALYSIS

**A. The district court did not abuse its discretion by declining to consider the "Chain of Title Analysis."**

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." *State v. Trevino*, 132 Idaho 888, 894, 980 P.2d 552, 558 (1999) (citing I.R.E. 801(c)). "Hearsay evidence is generally inadmissible except as provided in the Idaho Rules of Evidence or other

3

rules promulgated by the Court." *State v. Herrera*, 159 Idaho 615, 621, 364 P.3d 1180, 1186 (2015) (citing I.R.E. 802). "When considering evidence presented in support of or opposition to a motion for summary judgment, a court can only consider material which would be admissible at trial." *Taft v. Jumbo Foods, Inc.*, 155 Idaho 511, 515, 314 P.3d 193, 197 (2013) (quoting *Gem State Ins. Co. v. Hutchinson*, 145 Idaho 10, 14, 175 P.3d 172, 176 (2007)).

The Losees argue that the district court erred in refusing to consider their "Chain of Title Analysis" in ruling on Deutsche Bank's summary-judgment motion because it was "functionally inseparable" from and "clearly meant to be part of the same material" as the Esquivel affidavit. However, the position taken by the Losees is untenable. While the "Chain of Title Analysis" and the Esquivel affidavit come from the same source (Mr. Esquivel), and cover similar subject matter, that does not make them one and the same. The Esquivel affidavit is a sworn statement, offered by Mr. Esquivel, presumably foreshadowing his testimony at trial. The "Chain of Title Analysis," on the other hand, is the product of a mortgage fraud investigation, and is comprised of unsworn, out-of-court statements that would be inadmissible at trial. That the two documents were filed with the district court nearly a year and a half apart supports the position that the Esquivel affidavit and "Chain of Title Analysis," though related, are not part of "the same material." Thus, each document must be considered separately when evaluating its admissibility into evidence.

The "Chain of Title Analysis" is clearly hearsay. It is a 41-page document purporting to show the results of a "mortgage fraud investigation" performed by private investigators in Texas. Its authenticity has not been attested to via an affidavit or sworn statement by someone with personal knowledge of the report. It is comprised of out-of-court statements containing factual and legal assertions by Mr. Esquivel that undergirds the Losees' claims, such as whether Deutsche Bank is a valid holder of the Losees' Note and whether Deutsche Bank can legally foreclose on the Note. It was submitted to create a genuine issue of material fact in an effort to preclude summary judgment being entered against them. In short, the "Chain of Title Analysis" is made up of out-of-court statements that were offered for the truth of the matters stated therein. The Losees did not argue below, nor do they argue on appeal, that the "Chain of Title Analysis" fits within a recognized exception to the hearsay rule. Because the "Chain of Title Analysis" was inadmissible hearsay—and no exception to the hearsay rule was offered by the Losees—the court correctly declined to consider it.

As to the first of the *Lunneborg* factors, the district court recognized the issue was one of discretion by virtue of ruling on whether it would consider the hearsay evidence. As the preceding analysis shows, declining to entertain the hearsay evidence was "within the outer boundaries" of the district court's discretion and was consistent with applicable law. Finally, the district court reached its decision after an exercise of reason: The court indicated that the "Chain of Title Analysis" was not an affidavit and the statements in it were not sworn to, so it was hearsay the court could not consider. Thus, the district court did not abuse its discretion in declining to consider the "Chain of Title Analysis" in its summary judgment determinations.

In response, the Losees argue that other evidence, which could also fit the definition of hearsay, was offered by Deutsche Bank and admitted. The Losees contend that the court's inconsistency in refusing to consider their "Chain of Title Analysis," while considering other hearsay evidence offered by Deutsche Bank, was error. Most particularly, the Losees point to the Esquivel affidavit, as constituting hearsay evidence that was considered by the district court in reaching its summary judgment decision.

The Losees are correct to the extent that an affidavit is an out of court statement that, if offered for the truth of the matter asserted, could fit the definition of hearsay. However, as explained above, hearsay evidence is admissible under circumstances "provided in the Idaho Rules of Evidence *or other rules promulgated by the Court.*" *Herrera*, 159 Idaho at 621, 980 P.3d at 1186 (emphasis added). Idaho Rule of Civil Procedure 56(c)(4) is one such rule. Idaho Rule of Civil Procedure 56(c)(4) states in full:

> An affidavit used to support a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Sworn or certified copies of all papers or parts of papers referred to in an affidavit must be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

I.R.C.P. Rule 56(c)(4).

It has long been understood that an affidavit which meets the tenets of Rule 56(c)(4) may be considered on summary judgment. *See, e.g., Taft*, 155 Idaho at 515, 314 P.3d at 197 (holding that three affidavits were properly considered on summary judgment because they met the requirements of Rule 56(e) [now Rule 56(c)(4)]); *Rhodehouse v. Stutts*, 125 Idaho 208, 213, 868 P.2d 1224, 1229 (1994) (explaining that the trial court has discretion to decide whether an

affidavit may be considered on summary judgment under Rule 56(e) [now Rule 56(c)(4)]). Furthermore, the concept that an affidavit can be considered by the court in making a summary judgment determination predates even the adoption of the Idaho Rules of Evidence. *See Salmon River Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 353, 544 P.2d 306, 311 (1975) (reiterating the oft-cited principle that "summary judgment should be granted only when the pleadings, depositions, admissions, and *affidavits*, liberally construed in favor of the party opposing summary judgment, show that no genuine issue as to any material fact exists) (emphasis added) (citations omitted). Such affidavits are considered at the summary judgment stage because they preview testimony which would be admissible at trial.

This interpretation of Idaho Rule of Evidence 802 is congruent with the rule's federal counterpart. Idaho Rule of Evidence 802 and Federal Rule of Evidence 802 are materially identical. Both rules make hearsay inadmissible, and carve out an exception for rules promulgated by the U.S. Supreme Court (for the federal rules) or this Court (for the Idaho rules).[1] F.R.E. 802; I.R.E. 802. The advisory committee notes to Federal Rule of Evidence 802 specifically provide Federal Rule of Civil Procedure 56(c)(4) as an example of a rule prescribed by the Supreme Court that would act as an exception to the general hearsay rule. F.R.E. 802 (2011) advisory committee's notes. Federal Rule of Civil Procedure 56(c)(4) operates similarly to Idaho's Rule 56(c)(4), providing the requirements an affidavit must meet to be considered at the summary judgment stage. *Compare* Fed. R. Civ. P. 56(c)(4), *with* I.R.C.P. 56(c)(4). By holding today that Idaho Rule of Civil Procedure 56(c)(4) is a similar exception to Idaho Rule of Evidence 802, we merely make explicit a concept that has already existed within the Idaho Rules of Evidence since their adoption.

Turning now to the case at hand, the Esquivel affidavit was properly admitted by the district court under the Idaho rules. It lists the qualifications of Mr. Esquivel and the documents he reviewed to arrive at the conclusions contained in the "Chain of Title Analysis." The affidavit also states that it is made in support of the conclusions enumerated in the "Chain of Title Analysis." Because the affidavit is made on the personal knowledge of Mr. Esquivel, declares facts that would be admissible at trial (namely his background, qualifications and the documents he reviewed to arrive at his conclusions), and indicates his competency to testify, it meets the

---

[1] "[W]e seek to interpret identical rules 'in conformance with the interpretation placed upon the same rules by the federal courts.'" *State v. Stanfield*, 158 Idaho 327, 341 n.10, 347 P.3d 175, 189 n.10 (2015) (quoting *Chacon*, 111 Idaho at 275, 723 P.2d at 819).

requirements of Rule 56(c)(4) and was appropriately considered by the court. In sum, the "Chain of Title Analysis" was inadmissible hearsay, the Esquivel affidavit was appropriately used in opposition to Deutsche Bank's motion for summary judgment because it met the criteria of Rule 56(c)(4), and the district court did not abuse its discretion by refusing to consider the former but not the latter.

**B. The district court did not fail to dispose of any causes of action brought against Deutsche Bank.**

The Losees contend that the district court erred by failing to address their claim of wrongful foreclosure and request for declaratory judgment. In its decisions granting Deutsche Bank's motion for summary judgment, the district court does not touch upon the Losees' wrongful foreclosure claim or their request for a declaratory judgment. However, neither omission was error on the part of the district court.

Discussion of the Losees' wrongful foreclosure claim is absent from the district court's decision because the Losees' did not bring the claim against Deutsche Bank. The Losees' original Complaint did not allege a wrongful foreclosure cause of action. The amended complaint only alleged wrongful foreclosure against New Century, not Deutsche Bank. Granted, the amended complaint names both New Century and Deutsche Bank as defendants to the suit and refers to both collectively as "defendants" throughout. But when setting out their wrongful foreclosure claim, the Losees' specifically direct their allegations at New Century. Not once in the Losees' discussion of their wrongful foreclosure claim do they make allegations towards Deutsche Bank or even towards the "defendants" collectively. The district court's decision makes clear that it was granting *Deutsche Bank's* motion for summary judgment on the Losees' claims against *Deutsche Bank*. Therefore, the district court's failure to address the Losees' wrongful foreclosure claim against New Century in its decision granting Deutsche Bank's motion for summary judgment was not error.

The Losees also sought a declaratory judgment from the district court determining the rights, obligations, and interests of all parties with regard to the real property at issue. The district court's judgment does not specifically address the Losees' request for a declaratory judgment. However, the judgment more broadly grants Deutsche Bank's motion for summary judgment and dismisses the Losees' claims against Deutsche Bank with prejudice. The Losees' claim for declaratory judgment is naturally included within a dismissal of the Losees' claims against Deutsche Bank.

7

Furthermore, the Losees' request for a declaratory judgment regarding the rights and obligations of the parties to the property in question is subsumed by the district court's analysis of the Losees' breach of contract claim and its discussion of the facts. The Losees' do not dispute that both the Note and Deed of Trust were rightfully held by New Century as trustee after the contract was entered into in 2003.[2] It is also undisputed that New Century later transferred the Note and Deed of Trust to Deutsche Bank. In the action below, the Losees' alleged that New Century's sale of the Note and Deed of Trust to Deutsche Bank was a breach of contract. The district court disagreed, finding that the contract specifically allowed for the transfer of the Note or a partial interest in the Note together with the Deed of Trust without prior notice to the Losees. Inherent in the district court's finding that New Century, as the rightful holder of the Note and Deed of Trust, was permitted to and did convey the Note and Deed of Trust to Deutsche Bank is the conclusion that Deutsche Bank became the rightful holder of both the Note and the Deed of Trust. Therefore, in analyzing the Losees' breach of contract claim, the district court necessarily determined the rights of Deutsche Bank in the Losees' property.

As to the pending foreclosure sale, Idaho Code section 45-1505 sets forth the procedures under which a trustee may foreclose on a trust deed by advertisement and sale.

> The trustee may foreclose a trust deed by advertisement and sale under this act if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and
>
> (2) There is a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and
>
> (3) The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security

---

[2] In relation to a trust deed, "'Trustee' means a person to whom title to real property is conveyed by trust deed, or his successor in interest for the limited purpose of the power of sale contained in this chapter upon the occurrence of certain contingencies set forth in such trust deed." I.C. § 45-1502(4).

has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation . . .

(4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

I.C. § 45-1505. As explained above, the Losees defaulted on their obligation to make payments on the Note, and Deutsche Bank, as trustee, initiated the foreclosure process. The Losees have not offered any admissible evidence to give rise to a genuine issue of material fact regarding Deutsche Bank's compliance with the procedures for foreclosure by advertisement and sale. Consequently, Deutsche Bank, as the rightful holder of the Losees' Note and Deed of Trust, may foreclose on the property by advertisement and sale.

## V.    CONCLUSION

We affirm the district court's order granting summary judgment in favor of Deutsche Bank. Neither party requested attorney's fees on appeal. Costs are awarded to Deutsche Bank.

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR**