983 P.2d 848

Frederick J. RAMERTH, d/b/a Ramerth Aerial Spraying, Inc., and Jay L. Morris and Judith L. Morris, husband and wife, Plaintiffs–Appellants,

v.

Eldon HART, an individual; Eldon Hart d/b/a Hart Enterprises, Aero Technicians, Inc., an Idaho corporation and Timothy Allen Henderson, Defendants–Respondents.

No. 24329.

Supreme Court of Idaho.

Aug. 12, 1999.

Brian R. Goates and Darren B. Simpson, Blackfoot, for appellants. Darren B. Simpson argued.

Rigby, Thatcher, Andrus, Rigby, Kam & Moeller, Chtd., Rexburg, for respondents. G. Rich Andrus argued.

WALTERS, Justice.

This is a negligent services and breach of contract case brought by the buyer and seller of an airplane against an airplane mechanic who performed service on the plane. We affirm the summary judgment granted in favor of the mechanic.

### BACKGROUND AND PROCEDURAL HISTORY

In the fall of 1992, Jay Morris hired Eldon Hart to perform an annual inspection and engine overhaul for Morris's 1975 Piper PA–36–285 airplane. Hart performed the service and certified that the repairs and inspection had been done in compliance with FAA regulations. In April 1995, Morris sold the air-

plane to Frederick Ramerth. Ramerth eventually discovered that four spacers were missing from the engine mount and the engine-mount nuts were therefore improperly torqued against the bottom threads of the engine-mount bolts, allegedly causing damage to the engine and the airframe.

Ramerth and Morris subsequently entered into an agreement stating that Hart's work was defective, and agreed to jointly pursue an action against Hart, sharing costs and attorney's fees. Together they sued Hart based on negligence, negligence per se, and breach of contract. They sought to recover the cost of repairing the airplane as well as lost "custom spraying profits" for the period when the airplane was being repaired.

In May 1997, Hart moved for summary judgment, arguing that the alleged damages were purely economic and therefore not recoverable in a negligence action, and that Ramerth's breach of contract claims lacked the element of privity. In response, Morris assigned his claims against Hart to Ramerth. The district court initially granted Hart's summary judgment motion in part, dismissing all negligence claims, but allowing the claims assigned from Morris to Ramerth as well as Ramerth's breach of implied warranty claim to survive. However, following a motion for reconsideration, the district judge granted Hart's summary judgment motion in full, dismissing all claims against Hart. Morris and Ramerth appealed.

Morris and Ramerth argue on appeal that the damages are not purely economic and should therefore be recoverable in a negligence action. They also argue that the requirement of privity in breach of implied warranty actions should be abolished.

# I.

## STANDARD OF REVIEW

■ Summary judgment shall be granted where the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Friel v. Boise City Housing Authority*, 126 Idaho 484, 887 P.2d 29 (1994). When the record fails to reveal any disputed issues of material fact, what remains are questions of law, over which this Court exercises free review. *Id.* For the purpose of Hart's summary judgment motion, the facts are undisputed.

# II.

## ECONOMIC LOSS

The district court granted summary judgment dismissing the negligence claims upon finding that the alleged damages are purely economic. Ramerth argues that the damages to the airplane are property damage rather than economic damages and should, therefore, be recoverable in a negligence action. We disagree.

■ The general rule prohibits the recovery of purely economic loss in a negligence action. *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 895 P.2d 1195 (1995). "Economic loss includes costs of repair and replacement of defective property which is the *subject of the transaction*, as well as commercial loss for inadequate value and consequent loss of profits or use." *Salmon Rivers Sportsman Camps, Inc. v. Cessna Air. Co.*, 97 Idaho 348, 351, 544 P.2d 306, 309 (1975) (emphasis added). Economic loss should be distinguished from property damage, which is properly recoverable in tort. "Property damage encompasses damage to property other than that which is the *subject of the transaction*." *Id.* (emphasis added).

In *Duffin*, the Duffins purchased seed potatoes that were later determined to have been infected with bacterial ring rot. The Duffins sued the seller, as well as the Idaho Crop Improvement Association (ICIA) and the Federal–State Inspection Service (FSIS). The ICIA was responsible for conducting a certification program with the goal of ensuring that seed certified pursuant to the program was free of certain diseases and insects. Part of the certification process included an inspection conducted by FSIS. The seed that Duffins purchased had been inspected by the FSIS and certified to be free from ring rot. The Duffins sought damages for "(1) the excess of the price paid for the seed because it was 'certified;' (2) lost revenues which resulted from reduced

yields; and (3) lost revenues which resulted from having to sell the crop immediately upon harvest ." *Duffin,* at 1005, 895 P.2d at 1198. This Court determined that these damages were purely economic and therefore could not be recovered in a negligence action against either ICIA or FSIS absent an exception to the economic loss rule.

Ramerth attempts to avoid the application of the economic loss rule by arguing that because this case is not a products liability case the subject of the transaction in this case is the service performed by Hart rather than the engine or the airplane that was serviced. Consequently, he argues that the damage to the engine and airplane caused by Hart's negligent service is properly viewed as property damage rather than economic damage.

■ Ramerth's position is not consistent with the prior decisions of this Court. The economic loss rule applies to negligence cases in general; its application is not restricted to products liability cases. *See Just's, Inc. v. Arrington Constr. Co.,* 99 Idaho 462, 583 P.2d 997 (1978); *Tusch Enterprises v. Coffin,* 113 Idaho 37, 740 P.2d 1022 (1987). The repair and inspection performed by Hart in this case and the FSIS's inspection in *Duffin* are conceptually indistinguishable. Although the Court in *Duffin* did not specifically discuss the "subject" of that transaction, the Court held that the economic loss rule applied to the reduced crop yield caused by the defective seed. It is implicit in the Court's decision that the seed—rather than the FSIS inspection—was the subject of the transaction. In *Tusch,* the defendant builder entered into a contract to build a duplex for the seller. The purchaser sued both the seller and the builder because of alleged negligence in preparing the foundation. This Court held that damage to the duplex caused by the defective foundation was purely economic. Once again, the subject of the transaction was not specifically discussed by this Court. It is nonetheless clear that the Court considered the duplex itself, rather than its construction, to be the subject of the transaction. We hold that the damages to the aircraft and engine alleged in this case were purely eco-

nomic and, therefore, subject to the economic loss rule.

■ Ramerth also argues for the first time that the damages alleged in this case fall within an exception to the economic loss rule. *See, Duffin,* at 1007–08, 895 P.2d at 1200–02. However, the application of exceptions was not asserted to, nor decided by, the district court. This Court will not consider issues raised for the first time on appeal. *Dunn v. Baugh,* 95 Idaho 236, 238, 506 P.2d 463, 465 (1973).

Because there are no allegations of personal injury or property damage other than the cost to repair the airplane, we hold that Ramerth's claims for damages based on negligence were properly dismissed.

## III.

### BREACH OF IMPLIED WARRANTY

■ Ramerth had never met Hart prior to the institution of this lawsuit. He had no business dealings with Hart, nor any type of contractual relationship with him regarding the Piper aircraft that was purchased from Morris. Morris entered into a contract with Hart for service on the airplane and following Hart's motion for summary judgment, he assigned any cause of action that he might have against Hart to Ramerth. However, the record does not indicate that Morris suffered any damages resulting from the airplane's eventual malfunction after it was sold to Ramerth, and it is undisputed that the airplane performed satisfactorily while Morris owned it. Consequently, even if Hart breached the contract with Morris, Morris has suffered no compensable damages. Ramerth argues that he should be allowed to proceed with a claim for breach of implied warranty against Hart even though there is no contractual privity between them. Ramerth does not specify the source of the implied warranty that he seeks to enforce, but argues that privity of contract should not be required in a breach of implied warranty case even where the only damages sought are purely economic.

■ In *Salmon Rivers Sportsman Camps, Inc. v. Cessna Air. Co., supra,* this Court held that privity of contract is required in a contract action to recover economic loss for breach of implied warranty. The rule an-

nounced in *Salmon Rivers* was again followed in *Clark v. International Harvester Co.*, 99 Idaho 326, 581 P.2d 784 (1978), which also held that purely economic damages could not be recovered in a negligence action. *Salmon Rivers* has been the subject of substantial debate regarding the desirability of the rule that it announced as well as its continuing validity. *See State v. Mitchell Construction Co.*, 108 Idaho 335, 699 P.2d 1349(1984). In *Tusch Enterprises v. Coffin, supra,* concurring specially in the Court's opinion, Justice Bistline wrote:

> Having concurred in the majority opinion, I write only to inform the trial bench and bar that [*Salmon Rivers* ], which is recognized as having continued but doubtful validity in the opinion for the Court, was specifically overruled in the *State v. Mitchell* case, also mentioned in our opinion. West Publishing Co. correctly observed this in its syllabus to the *Mitchell* case, "Privity of contract is not required in a contract action to recover economic loss for breach of implied warranty; overruling *Salmon Rivers,*" *supra,* 108 Idaho at 335, 699 P.2d at 1349, 1350. It was only after rehearing in *Mitchell* that I pointed to (and attached) the district court's decision based entirely on *Salmon Rivers'* non-privity holding, and joined the views of Justices Huntley and Donaldson as to the validity of the *Salmon Rivers'* holding. Although West Publishing observed my change of views and vote, Donaldson, J., did not change his concurrence with Justice Bakes' opinion. Hence, the judgment affirming the district court stood up on rehearing even though *Salmon Rivers,* the backbone of the district court's decision granting summary judgment of dismissal, was overruled. It is a bit of an anomaly.

113 Idaho at 51, 740 P.2d at 1036. Despite Justice Bistline's opinion, however, the majority opinion in *Tusch* recognized the continuing validity of *Salmon Rivers.* The Court in the majority opinion in 113 Idaho at 50, 740 P.2d at 1035, stated:

> Therefore, we decline to extend the privity requirement enunciated in *Salmon Rivers* to the facts at hand. The instant case is not a goods case, and the question regarding the continued vitality of *Salmon Rivers* in such cases is better left to another day

when a response on our part would be something more than mere dictum.

We conclude, therefore, that *Salmon Rivers* remains valid. We are not persuaded that the rule announced in *Salmon Rivers* should be further relaxed to allow a claim for breach of implied warranty on the facts of this case.

■ The primary argument advanced against the requirement of privity is its perceived unfairness, particularly in light of the economic loss rule preventing plaintiffs from recovering economic damages in tort. Ramerth submits that if this Court rejects his argument, he will have no way to redress the injuries that he suffered because of the defective airplane. However, the record in this case casts uncertainty on his argument. Despite what appear to us to be obvious conflicting interests, Ramerth and Morris nonetheless joined together to pursue this action against Hart. Consequently, neither was able to fully explore options that may otherwise have been available. We agree that there may be cases where the plaintiff may be unfairly prejudiced by the operation of the economic loss rule in combination with the privity requirement articulated in *Salmon Rivers.* Given such a case, further relaxation of *Salmon Rivers* may be justified. We are not convinced that this is such a case.

## IV.

### ATTORNEY FEES

■ Hart requests attorney fees pursuant to I.C. § 12–120(3) as an additional issue on appeal. However, the issue is not addressed in the argument section of his brief as required by I.A.R. 35(a)(6). Therefore, we will not consider this request. *Weaver v. Searle Brothers,* 131 Idaho 610, 616, 962 P.2d 381, 387 (1998).

### CONCLUSION

The summary judgment in favor of Hart is affirmed. We award Hart costs, but not attorney fees, on appeal.

Chief Justice TROUT, Justices SILAK, SCHROEDER and KIDWELL, concur.