# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35218

DON AARDEMA, an individual, RON
AARDEMA, an individual, and DONALD J.
AARDEMA, an individual and doing business
as AARDEMA DAIRY; DON AARDEMA, an
individual and RON AARDEMA, an
individual, doing business as DOUBLE A
DAIRY,

               Plaintiffs/Respondents/
               Cross-Appellants

v.

U. S. DAIRY SYSTEMS, INC., an Idaho
corporation, doing business as Automated
Dairy Systems, Inc., WESTFALIASURGE,
INC., a foreign corporation, and EARL
PATTERSON, an individual

               Defendants/Appellants/
               Cross-Respondents,


FREEDOM ELECTRIC, INC., an Idaho
corporation, JOHN DOE and JANE DOE,
husband and wife, I through X, and
BUSINESS ENTITIES I through X,

               Defendants.

Boise, June 2009 Term

2009 Opinion No. 107

Filed:  August 24, 2009

Stephen W. Kenyon

---

Appeal from the Fifth Judicial District of the State of Idaho, Twin Falls County.
Hon. G. Richard Bevan, District Judge.

The decision of the district court is <u>vacated</u> in part, <u>reversed</u> in part and <u>affirmed</u> in part
and this case is <u>remanded</u> for proceedings consistent with this Opinion.

Anderson, Julian & Hull, LLP, Boise, for appellant/cross-respondent U.S. Dairy
Systems, Inc.  Robert Anderson argued.

Benoit, Alexander, Harwood, High & Valdez, L.L.P., Twin Falls, and Brice A.
Tondre, P.C., Lakewood, Colorado, for appellants/cross-respondents
WestfaliaSurge, Inc. and Earl Patterson.  Brice Tondre argued.

1

Pedersen and Whitehead, Twin Falls, and Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kansas, for respondents/cross-appellants Don Aarmeda, Ron Aarmeda, Donald J. Aarmeda, Aardema Dairy and Double A Dairy. Ken Peterson argued.

_____

W. JONES, Justice

This case is before this Court on interlocutory appeal from the district court's denial of Defendants/Appellants' (U.S. Dairy Systems, Inc., Westfaliasurge, Inc., and Freedom Electric, Inc.) motion for summary judgment. This Court granted permission to appeal pursuant to I.A.R. 12.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs/Respondents (Aardema Dairy) entered into a contract with Defendants/Appellants for the installation and maintenance of an automated milking system. Aardema Dairy filed suit alleging negligent design, installation and maintenance of the milking system which resulted in decreased milk production, quality and damage to the cows. Aardema Dairy moved to dismiss the contract claims and proceeded solely on the negligence issue. The district court granted Aardema Dairy's motion and dismissed the contract claim. Westfaliasurge and Freedom Electric filed written motions for summary judgment alleging that Aardema Dairy's negligence claim was barred by the economic loss rule. Aardema Dairy defended the motion for summary judgment by arguing that the economic loss rule did not apply, or alternatively, that the claim was not barred because the special relationship exception applied to the parties. U.S. Dairy orally joined the motion for summary judgment. The district court partially denied the motion finding that the economic loss rule did not bar Aardema Dairy's negligence action. Further, the district court held that no special relationship existed between Aardema Dairy and Defendants/Appellants. Defendants/Appellants filed a motion for permissive appeal, which this Court granted.

The primary dispute before this Court is whether there was an injury to Aardema Dairy's property or whether the damages are based purely on economic loss. Defendants/Appellants contend that the district court erred by denying summary judgment on the issue of whether the economic loss rule barred Aardema Dairy's tort claim. Aardema Dairy further contends that the district court erred in granting Westfaliasurge and U.S. Dairy's motion for summary judgment on the issue of whether a special relationship existed between the respective parties.

2

## ISSUES ON APPEAL

Essentially, the only issue on appeal is whether the economic loss rule bars Aardema Dairy's tort claim. Therefore, we will address (1) whether the economic loss rule applies to Aardema Dairy's tort claim; (2) whether a genuine issue of material fact exists as to whether Aardema Dairy suffered any property damage; and (3) whether the district court improperly granted U.S. Dairy and Westfaliasurge's motion for summary judgment holding that no special relationship existed between Aardema Dairy and the respective Defendants.

## STANDARD OF REVIEW

"An order denying a motion for summary judgment is not an appealable order itself[.]" *Grover v. Wadsworth*, 147 Idaho 60, ___, 205 P.3d 1196, 1202 (2009) (quoting *Hunter v. Dep't of Corr.*, 138 Idaho 44, 46, 57 P.3d 755, 757 (2002)).

> Permission may be granted by the Supreme Court to appeal from an interlocutory order or decree of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation.

I.A.R. 12. "[T]he intent of I.A.R. 12 [is] to provide an immediate appeal from an interlocutory order if substantial legal issues of great public interest or legal questions of first impression are involved." *Budell v. Todd*, 105 Idaho 2, 4, 665 P.2d 701, 703 (1983) (*per curiam*). A permissive appeal pursuant to I.A.R. 12 is "an unusual posture." *Winn v. Frasher*, 116 Idaho 500, 501, 777 P.2d 722, 723 (1989). Due to "the unusual posture of the case, we are constrained to rule narrowly and address only the precise question that was framed by the motion and answered by the trial court." *Id.* "Such appeal, [after acceptance by this Court,] shall proceed in the same manner as an appeal as a matter of right, unless otherwise ordered by [this Court]." I.A.R. 12(d).

"On a motion for summary judgment, all facts and inferences must be drawn in favor of the nonmoving party, and summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Thompson v. City of Idaho Falls*, 126 Idaho 587, 590, 887 P.2d 1094, 1097 (Ct. App. 1994). "Summary judgment dismissal of a claim is appropriate where the plaintiff fails to submit evidence to establish an essential element of the claim." *Nelson v. City of Rupert*, 128 Idaho 199, 202, 911 P.2d 1111, 1114 (1996).

3

**ANALYSIS**

Rule 12 appeals are only accepted in the most exceptional cases with the intent to resolve "substantial legal issues of great public interest or legal questions of first impression[.]" *Budell,* 105 Idaho at 4, 665 P.2d at 703. Due to confusion regarding the application of the economic loss rule, this Court accepted this permissive appeal and offers this opinion, per the district court's request,[1] on the application of economic loss rule. This Court declines to make a determination whether the summary judgment motion was denied in error on the issue of whether Aardema Dairy's tort claim is barred by the economic loss rule. Instead, we vacate the district court's decision denying Defendants/Appellant's motion and remand this case to the district court for further proceedings in light of this opinion. We will address the issue of whether a special relationship existed between the parties and whether Westfaliasurge and U.S. Dairy's motions were properly granted on that basis only.

**Whether the economic loss rule applies to Aardema Dairy's tort claim**.

Aardema Dairy's tort claim arises out of the contract for the milking system. Negligence and breach of contract are "two distinct theories of recovery." *Just's, Inc. v. Arrington Const. Co., Inc.*, 99 Idaho 462, 468, 583 P.2d 997, 1003 (1978). "Ordinarily, breach of contract is not a tort, although a contract may create the circumstances for the commission of a tort. . . . A tort requires the wrongful invasion of an interest protected by the law, not merely an invasion of an interest created by the agreement of the parties." *Id.* Generally, a plaintiff may not recover in tort where the sole allegation is that the defendant prevented the plaintiff from gaining a purely economic advantage. *Id.* However, damage to person or property when the property is not the subject of the transaction is recoverable under a negligence theory. *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 1007, 895 P.2d 1195, 1200 (1995). Economic loss has been defined as, but not limited to, "costs of repair and replacement of defective property which is the subject of the transaction, as well as commercial loss for inadequate value and consequent loss of profits or use." *Id.* (quoting *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 87 Idaho 348, 351, 544 P.2d 306, 309 (1975) (*rev'd on other grounds*)).

> There can be no doubt that the seller's liability for negligence covers any kind of physical harm, including not only personal injuries, but also property damage to

---

[1] The district court stated that "I find the criteria under [Appellate] Rule 12(a) are met, that this is a controlling question of law, both as to what I have granted on the exceptions, as well as what I have denied in terms of the exception and/or non[-]exception. My hope is that the [Supreme] Court will clarify that issue relative to the parasitic contact with these injuries."

4

the defective chattel itself, as where an automobile is wrecked by reason of its own bad brakes, as well as damage to any other property in the vicinity. But where there is no accident, and no physical damage, and the only loss is a pecuniary one, through loss of the value or use of the thing sold, or the cost of repairing it, the courts have adhered to the rule, to be encountered later, that purely economic interests are not entitled to protection against mere negligence, and so have denied the recovery.

*Clark v. Int'l Harvester Co.*, 99 Idaho 326, 333, 581 P.2d 784, 791 (1978) (quoting W. Prosser, Handbook on the Law of Torts, § 101 at 665 (4th ed. 1971)).

The manufacturer bears the risk that his product will cause physical injury to the consumer. *Clark*, 99 Idaho at 334, 581 P.2d at 792 (quoting *Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965)). "[The consumer] can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will." *Id.*; See also *Myers v. A.O. Smith Harvestore Prod., Inc.*, 114 Idaho 432, 436, 757 P.2d 695, 699 (1988) (holding that decreased milk production in cows caused by defective feed storage system is not an injury from a "calamitous event or dangerous failure of the product" and is merely the product's failure to meet the plaintiff's expectations); *Just's, Inc.*, 99 Idaho at 470, 583 P.2d at 1005 (holding that no negligence claim exists where the plaintiff's complained damages were loss of business due to downtown construction because these damages are purely economic); *Clark*, 99 Idaho at 348, 581 P.2d at 806 (plaintiff is not entitled to recovery in tort from the manufacturer and seller of a tractor where the damages arise from the tractor's failure to perform to plaintiff's expectations). In a products liability action, the party who bears the risk of loss generally determines whether recovery can be found in tort, contract or warranty. *Clark*, 99 Idaho at 334, 581 P.2d at 792 (quoting *Seely*, 403 P.2d at 151).

In the present action, Aardema Dairy may maintain a tort claim if it sufficiently presented evidence as to whether a loss occurred, other than a purely economic loss. Merely alleging dissatisfaction with the quality of the milking system, such as lower milk quality or production than expected, would constitute purely economic loss. Without any physical damage to separate property, the loss is merely the product's failure to meet Aardema Dairy's expectations. Therefore, it must be determined whether a genuine issue of material fact exists as to whether the economic loss rule does not apply in this case or whether Aardema Dairy qualifies for an exception to the economic loss rule.

**Whether a genuine issue of material fact exists as to whether Aardema suffered any property loss**.

"It is a long-held legal maxim that animals are tangible property and that intentional acts leading to the destruction or loss of such chattels give rise to a cause of action[.]" *Oppenheimer Indus., Inc. v. Johnson Cattle Co., Inc.*, 112 Idaho 423, 426, 732 P.2d 661, 664 (1986). Economic loss is distinguishable from property damage, which would be recoverable under a tort claim. "Property damage encompasses damage to property other than that which is the *subject of the transaction*." *Ramerth v. Hart*, 133 Idaho 194, 196, 983 P.2d 848, 850 (1999) (emphasis original) (quoting *Salmon Rivers Sportsman Camps, Inc.*, 97 Idaho at 351 544 P.2d at 309). This Court has not defined the "subject of the transaction," instead relying on factual comparisons from previous decisions. *Blahd v. Richard B. Smith, Inc.*, 141 Idaho 296, 301, 108 P.3d 996, 1001 (2005) (finding that the house and the lot are the subject of the transaction and, therefore, constitute economic loss where the allegation is damage to the house from the settling foundation); *Ramerth*, 133 Idaho at 197, 983 P.2d at 851 (finding that repair of the engine is the subject of the transaction if the allegedly negligent repair subsequently causes need for further repair to the engine); *Duffin*, 126 Idaho at 1007, 895 P.2d at 1200 (finding that no property loss, other than property which is the subject of the transaction, existed when delivered and certified seed is found to contain bacterial ring rot); *Tusch Enter. v. Coffin*, 113 Idaho 37, 41, 740 P.2d 1022, 1026 (1987) (holding that allegations of negligent design and construction of a duplex is barred by the economic loss rule); *Oppenheimer Indus., Inc.*, 112 Idaho at 426, 732 P.2d at 664 (holding that tort action may be maintained when the plaintiff alleged that his cattle were sold without his permission because the cattle brand inspector failed to verify cattle ownership prior to the sale). This line of cases delineates a clear pattern that this Court has implicitly defined the "subject of the transaction" by the subject matter of the contract.[2]

U.S. Dairy argues that the cows are the subject of the transaction; however, this argument is strained. Based on the preceding case law, the milking machines are the subject of the transaction. Aardema Dairy did not contract with any of the defendants for the cattle, but for the purchase, installation and operation of the milking system. In this case, the subject matter of the

---

[2] In *Blahd* this Court stated that the case law "indicate[s] the word 'transaction,' for purposes of the economic loss rule, does not mean a business deal-it means the subject of the lawsuit." *Blahd*, 141 Idaho at 300, 108 P.3d at 1000. However, if the subject of the transaction is defined as the subject of the lawsuit essentially every claim would be barred by the economic loss rule. Instead we read this overbroad language from *Blahd* to mean that the *underlying contract* that is the subject of the lawsuit is the subject of the transaction.

contract is the milking system and not the cattle that are milked. Therefore, on remand the inquiry is whether there is sufficient evidence to raise a genuine issue of material fact that there is damage to the cows which amounts to more than the failure of the milking equipment to meet Aardema Dairy's expectations.

Evidence existed that the wiring at Aardeman Dairy was faulty and that faulty wiring would lead to improperly operating milking equipment. An expert opined that "if the pulsator isn't working properly . . . the blood circulation through the . . . teat end wouldn't be adequate and it *could* injure the cow." (Empahsis added). Aardema Dairy also presented evidence that its loss extended to "reduced milk production, loss of price premium from reduced milk quality, loss of dairy capital and loss of present value" all *allegedly* stemming from the physical damage to the cattle. On remand, if the only damage that is produced is in the form of lost milk production, quality and profits and not actual physical damage to the cows then this is purely economic loss; that is, the failure of the milking equipment to produce the products and profits anticipated by Aardema Dairy.

**Westfaliasurge's motion for summary judgment on the special relationship issue was properly granted.**

There are two exceptions to the general rule which prevents a party from recovering purely economic loss in a tort claim; those two exceptions are, (1) where a special relationship exists between the parties, or (2) where unique circumstances require a reallocation of the risk. *Just's, Inc.*, 99 Idaho at 470, 583 P.2d at 1005. A special relationship exists "where the relationship between the parties is such that it would be equitable to impose such a duty." *Duffin,* 126 Idaho at 1008, 895 P.2d at 1201. The special relationship exception to the economic loss rule is an extremely narrow exception which applies in only limited circumstances. This Court has found a special relationship to exist in only two situations, (1) "where a professional or quasi-professional performs personal services[;]" and (2) "where an entity holds itself out to the public as having expertise regarding a specialized function, and by so doing, knowingly induces reliance on its performance of that function." *Blahd*, 141 Idaho at 301, 108 P.3d at 1001; see *McAlvain v. Gen. Ins. Co. of Am.*, 97 Idaho 777, 780, 554 P.2d 955, 958 (1976); see also *Duffin*, 126 Idaho at 1008, 895 P.2d at 1201.

At oral argument Aardema Dairy argued that their "due process rights" were violated by requiring Aardema Dairy to respond to Westfaliasurge's motion for summary judgment on

whether a special relationship existed[3] without the issue being first raised by Westfaliasurge, the moving party. This argument inaccurately states the procedure of the economic loss rule and the application of any exceptions. Westfaliasurge claimed in its memorandum in support of summary judgment that Aardema Dairy's tort claim was barred by the economic loss rule. Aardema Dairy responded that an *exception* existed to the economic loss rule because a special relationship existed between Aardema Dairy and Westfaliasurge. Westfaliasurge then replied that the special relationship *exception* to the economic loss rule did not apply in this instance. It can hardly constitute "sand-bagging" or a "surprise argument" when Aardema Dairy is the party that initially brought the special relationship exception in front of the district court. Further, once Westfaliasurge filed the summary judgment motion and produced evidence supporting the allegation that Aardema Dairy only suffered economic loss and that no physical damage occurred to the cows the burden was on Aardema Dairy to rebut that evidence showing either, (1) that the loss was not purely economic because there was damage to the cows, or (2) that an *exception* to the economic loss rule applied. Therefore, the burden was not improperly placed on Aardema Dairy to produce evidence that a special relationship existed between Aardema Dairy and Westfaliasurge.

The district court properly granted summary judgment in favor of Westfaliasurge as to whether the special relationship exception applied in this case. There was no evidence in the record to suggest that Westfaliasurge constituted a "professional or quasi-professional" service or that Westfaliasurge held itself out as having an expertise which knowingly induced Aardema Dairy's reliance on Westfaliasurge's expertise. The district court ruled as a matter of law that there were insufficient facts to send this issue to a jury. We agree and affirm that decision as to Westfaliasurge.

**U.S. Dairy's motion for summary judgment on the special relationship issue was improperly granted**.

U.S. Dairy filed a motion for summary judgment as to the breach of contract claim and breach of express and/or implied warranty claim but not with respect to the economic loss issue. Westfaliasurge filed a summary judgment motion on the issue of economic loss and at the summary judgment motion hearing, U.S. Dairy orally argued "with respect to the special

---

[3] It is noted that Westfaliasurge's motion for summary judgment was brought on the basis that the economic loss rule barred Aardema Dairy's claim and not on whether a special relationship existed between the parties.

relationship, [U.S. Dairy] agree[s] with Westfalia[surge]." That is, U.S. Dairy orally joined Westfaliasurge's motion that Aardema Dairy's tort claim was barred by the economic loss rule and that no exception to the rule applied. Aardema Dairy objected to U.S. Dairy's argument as to whether a special relationship existed, referring to U.S. Dairy's approach as a "piling-on effect." The district court granted U.S. Dairy's oral motion for summary judgment on the issue of whether a special relationship existed between U.S. Dairy and Aardema Dairy, holding that there is no special relationship in this case. Aardema Dairy appeals on the grounds that U.S. Dairy failed to raise this issue in the pre-motion briefing; and therefore, the district court improperly granted the motion as to U.S. Dairy.

The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Thomson*, 126 Idaho at 531, 887 P.2d at 1038. "Thus, it follows that if the moving party fails to challenge an element of the nonmovant's case, the initial burden placed on the moving party has not been met and therefore does not shift to the nonmovant." *Id.* (finding that the district court improperly ruled *sua sponte* on the proximate cause issue when no motions, briefs or arguments were presented by the parties). Therefore, the burden never shifts to the non-movant to oppose the motion if the movant fails to raise the issue in the first place. *Id.* The non-moving party must object or contest the inclusion of additional issues at the motion hearing; otherwise any objection is deemed waived. *State v. Rubbermaid Inc*., 129 Idaho 353, 356, 924 P.2d 615, 618 (1996) (holding that while "ordinarily [the non-movant would] be required to respond only to [the issues raised in the briefs] . . . the [non-movant] has waived its right to object on procedural grounds").

"The district court may grant summary judgment to a *non-moving party* even if the party has not filed its own motion with the court." *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001) (emphasis added). This Court recently held that a *non-moving party's* failure to comply with the requirements of I.R.C.P. 56(c) "simply does not provide for exclusion of a party from participation in summary judgment as a sanction." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 14, 175 P.3d 172, 176 (2007) (finding that a party's failure to file a brief in opposition to a motion for summary judgment does not prevent a non-moving party from presenting oral arguments at the motion hearing). Under the circumstances of the present case, it was improper for the district court to grant summary judgment to U.S. Dairy.

Although the special relationship exception is extremely narrow and this claim is unlikely to prevail, the attempt by U.S. Dairy to join Westfaliasurge's motion as to whether this exception applies is procedurally defective. Although it may be proper in certain circumstances for a party to join another party's motion for summary judgment without giving the non-moving party the benefit of briefing, this is not a situation in which it would be appropriate. For instance, as discussed above, it could be proper for the district court to grant the motion for summary judgment in favor of U.S. Dairy as to whether sufficient facts existed to show that Aardema Dairy suffered damage to the cows. Different facts will not exist to support whether the cows suffered physical damage contingent on which party brings the motion. The cattle either suffered physical harm or they did not suffer physical harm. However, whether a special relationship exists is an issue that is unique to the factual relationship between specific parties and is not one which may be addressed without the benefit of full briefing and the opportunity to reply. At oral argument, U.S. Dairy argued that summary judgment was proper despite the uniqueness of the specific relationship between the parties because the district court understood and knew what evidence Aardema Dairy *would have* submitted. "Motions for summary judgment[] are decided upon facts shown, not upon facts that might have been shown." *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 337, 689 P.2d 227, 229 (Ct. App. 1984). Therefore, this Court reverses the district court on this issue as to U.S. Dairy only.

## CONCLUSION

For the foregoing reasons, this Court vacates the district court's decision as to whether the negligence action is barred by the economic loss rule and remands for proceedings consistent with this Opinion; further, this Court affirms the district court's application of the special relationship exception as to Westfaliasurge and reverses as to U.S. Dairy.

Chief Justice EISMANN, Justices BRUDICK, J. JONES and HORTON, **CONCUR.**