NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREEN TECHNOLOGY LIGHTING CORP., a Georgia corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CROUSE AND ASSOCIATES INSURANCE SERVICES OF NORTHERN CALIFORNIA, INC., a California corporation, <br><br> Defendant - Appellee. | No. 24-66 <br><br> D.C. No. 1:17-cv-00432-DCN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 13, 2024[**]
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Plaintiff Green Technology Lighting Corporation ("Green Tech") appeals the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order of the District Court for the District of Idaho granting summary judgment in favor of Defendant Crouse and Associates Insurance Services of Northern California ("Crouse"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We affirm.

Sitting in diversity jurisdiction, the district court granted summary judgment to Crouse on Green Tech's claim of negligence and broker malpractice for two independent reasons. First, the court held that Crouse did not owe Green Tech a duty of care, an essential element of negligence claims under Idaho law. *See First Bank of Lincoln v. Land Title of Nez Perce County, Inc.*, 452 P.3d 835, 844 (Idaho 2019). Second, the court determined that Idaho's economic loss rule bars recovery for any negligence committed by Crouse. *See id.* at 844–45. Assuming that Crouse owed some duty of care to Green Tech in how it performed its brokering services, we agree with the district court that the economic loss rule is fatal to Green Tech's negligence suit.

Idaho "adhere[s] to a general rule prohibiting the recovery of purely economic losses in all negligence actions." *Id.* A purely economic loss is one that is "not connected to an injury to a person or property." *Id.* at 845. Because "the economic

loss rule limits the actor's duty so that there is no cause of action in negligence," *Brian & Christie, Inc. v. Leishman Elec., Inc.*, 244 P.3d 166, 172 (Idaho 2010), summary judgment is appropriate in cases where the rule applies. *See*, *e.g.*, *First Bank of Lincoln,* 452 P.3d at 844–45. Green Tech alleges only economic losses connected to the recall of its products. Therefore, unless some exception applies, Green Tech has no cause of action for negligence under Idaho law.

The Idaho courts generally recognize two exceptions to the economic loss rule: "(1) where a special relationship exists between the parties, or (2) where unique circumstances require a reallocation of the risk." *Aardema v. U.S. Dairy Sys., Inc.*, 215 P.3d 505, 512 (Idaho 2009) (citation omitted). The district court concluded that neither applied in Green Tech's case. On appeal, Green Tech disputes only the district court's holding that there was no special relationship between Green Tech and Crouse.

The Idaho Supreme Court has repeatedly characterized the special relationship exception as "extremely narrow," applying "in only limited circumstances." *Id.* The caselaw recognizes "two situations" in which a special relationship has been held to exist: "(1) where a professional or quasi-professional performs personal services; [or] (2) where an entity holds itself out to the public as having expertise regarding a specialized function, and by so doing, knowingly

3

induces reliance on its performance of that function." *Wallace v. Heath*, 479 P.3d 155, 164 n.1 (Idaho 2021) (alteration in original) (citing *Aardema*, 215 P.3d at 512).

Neither situation fits the facts of this case. The district court correctly held that, although Crouse was a professional insurance broker, it lacked the "custody or control" over Green Tech's insurance coverage that would justify recognizing a special relationship giving rise to liability. *GSN Cap., LLC v. Shoshone City & Rural Fire Dist.*, 541 P.3d 703, 712 (Idaho 2024). Unlike the leading case on the liability of insurance agents for their insured's losses, *McAlvain v. Gen. Ins. Co. of Am.*, 554 P.2d 955 (Idaho 1976), Crouse did not have ultimate authority over which insurance policies Green Tech obtained. Even if Crouse should have known that Green Tech was applying for insurance above and beyond the policy it ultimately received, it was Insure Idaho—Green Tech's insurance agent—that instructed Crouse to bind the policy with less coverage. Green Tech was not at Crouse's mercy as the insured was in *McAlvain* because Crouse did not unilaterally control the level of liability coverage that Green Tech would receive. There was thus no special relationship between Crouse and Green Tech based on the professional services Crouse offered.

Nor did a special relationship exist due to Green Tech's reliance on Crouse's expertise. As the Idaho Supreme Court's decisions in *Duffin v. Idaho Crop Improvement Ass'n*, 895 P.3d 1195 (Idaho 1995), *abrogated on other grounds by Davis v. Blast Props., Inc.*, No. 50491, 2024 WL 3188837 (Idaho June 27, 2024),

4

and *Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996 (Idaho 2005), confirm, this exception requires that an expert have "actively sought to induce reliance on the part of" the plaintiff. *Duffin*, 895 P.3d at 1201. And where "[t]here is no indication in the record that the [plaintiffs] relied upon or were even aware of" the defendant's provision of its special services, there is no special relationship. *Blahd*, 108 P.3d at 1002. The district court found that "Green Tech had no knowledge of Crouse's existence" as it interfaced only with Insure Idaho in seeking to procure insurance for its business. Green Tech has failed to raise a genuine factual dispute as to this finding. We therefore conclude that Green Tech could not have relied on Crouse's representations of its own expertise, and consequently, there was no special relationship between the two. The economic loss rule thus prohibits Green Tech from recovering for any alleged negligence on Crouse's part.

Because the foregoing analysis is a sufficient basis on which to affirm the order of the district court, we do not evaluate the district court's holding as to the duties that Crouse may or may not have owed to Green Tech in performing its brokering activities. Furthermore, it is unnecessary to decide whether the district court erred in limiting any damages to be awarded to the amount "Green Tech would have been entitled to had it held" the liability coverage it sought and believed it had.

**AFFIRMED.**